**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **DONNA SPINO; and LUCIEN SPINO,**<br><br>Plaintiffs,<br><br>v.<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC; and**<br>**MTGLQ INVESTORS, L.P.,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:20-CV-00123-JJM<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS, RUSHMORE LOAN MANAGEMENT**
**SERVICES, LLC AND MTGLQ INVESTORS, L.P.'S,**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

The Defendants, Rushmore Loan Management Services, LLC ("Rushmore") and MTGLQ Investors, L.P., answer the Plaintiffs, Donna Spino ("D. Spino") and Lucien Spino's ("L. Spino") (collectively, the "Plaintiffs"), Amended Complaint filed November 27, 2020 as follows:

1. Admitted.

2. Neither admit nor deny Paragraph 2 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

3. Neither admit nor deny Paragraph 3 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

4. Admitted.

5. Admitted.

6. Denied. The referenced document speaks for itself.

7. Admitted.

8. Neither admit nor deny Paragraph 8, as the referenced document speaks for itself.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted to the extent that Orlans, PC acted as foreclosure counsel for Rushmore and MTGLQ. Otherwise, neither admit nor deny Paragraph 14, as the referenced document(s) speak for itself.

## COUNT 1
COMPLAINT FOR DELCARATORY JUDGMENT THAT THE LOAN AGREEMENT IS NOT A NEGOTIABLE INSTRUMENT AND THAT MTGLQ INVESTORS LP IS NOT THE OWNER OF THE LOAN AGREEMENT OR THE AGENT FOR THE OWNER OF THE LOAN AGREEMENT

15. Responses to Paragraphs 1-14 of the Amended Complaint are incorporated by reference.

16. Neither admit nor deny Paragraph 16 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

17. Denied. The referenced document speaks for itself.

18. Denied. The referenced document speaks for itself.

19. Denied. The referenced document speaks for itself.

20. Denied. The referenced document speaks for itself.

21. Neither admit nor deny Paragraph 21 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied.

22. Neither admit nor deny Paragraph 22 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied.

23. Neither admit nor deny Paragraph 23 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

24. Neither admit nor deny Paragraph 24 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

25. Neither admit nor deny Paragraph 25 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

26. Neither admit nor deny Paragraph 26 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

27. Neither admit nor deny Paragraph 27 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

28. Neither admit nor deny Paragraph 28 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

29. Neither admit nor deny Paragraph 29 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself.

30. Neither admit nor deny Paragraph 30 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied.

31. Neither admit nor deny Paragraph 31 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied.

32. Denied. The referenced document speaks for itself.

33. Neither admit nor deny Paragraph 33 of the Amended Complaint, as the referenced document speaks for itself, otherwise denied.

34. Neither admit nor deny Paragraph 31 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied. The referenced document speaks for itself.

35. Neither admit nor deny Paragraph 35 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied.

36. Neither admit nor deny Paragraph 36 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required and the referenced document speaks for itself, otherwise denied.

37. Neither admit nor deny Paragraph 37 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.[1]

38. Neither admit nor deny Paragraph 38 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required, otherwise denied.

39. Denied.

40. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Amended Complaint, otherwise denied.

## COUNT 2
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY RUSHMORE LOAN MANAGEMENT SERVICES, LLC

---

[1] Paragraph 37 is inaccurately labelled as Paragraph 376.

41. Responses to Paragraphs 1-40 of the Amended Complaint are incorporated by reference.

42. Admitted.

43. Admitted.

44. Admitted.

45. Neither admit nor deny Paragraph 45 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

46. Admitted.

47. Neither admit nor deny and leaves Plaintiffs to their proof.

48. Admitted.

49. Neither admit nor deny and leaves Plaintiffs to their proof.

50. Admitted.

51. Admitted.

52. Denied to the extent Plaintiffs allege that Rushmore committed any violations under the Fair Debt Collection Practices Act or is otherwise liable for any damages. Otherwise, neither admit nor deny the remaining allegations in Paragraph 52 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

53. Denied.

54. Denied to the extent that Plaintiffs allege that Rushmore's actions were in violation of any law or that MTGLQ had no right to enforcement of the security interest. Neither admit nor deny the remaining allegations in Paragraph 54 of the Amended Complaint and leaves Plaintiffs to their proof.

55. Denied to the extent that Plaintiffs allege that Rushmore's actions were in violation of any law. Neither admit nor deny the remaining allegations in Paragraph 55 of the Amended Complaint and leaves Plaintiffs to their proof.

56. Neither admit nor deny the allegations in Paragraph 56 of the Amended Complaint as the referenced document speaks for itself.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied to the extent that Rushmore's actions were in violation of any law.

64. Neither admit nor deny Paragraph 64 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

65. Neither admit nor deny Paragraph 65 of the Amended Complaint, as it states a proposition of law not a factual allegation to which a response is required.

66. Denied.

67. Denied.

68. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68 of the Amended Complaint, otherwise denied.

69. Denied.

70. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 of the Amended Complaint, otherwise denied.

71. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 71 of the Amended Complaint, otherwise denied.

72. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 72 of the Amended Complaint, otherwise denied.

73. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73 of the Amended Complaint, otherwise denied.

74. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 74 of the Amended Complaint, otherwise denied.

75. Denied to the extent that any loan charges were unreasonable, and leaves Plaintiff to its proof.

76. Lacking sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76 of the Amended Complaint, otherwise denied.

**WHEREFORE,** the Defendants request that this Court deny Plaintiff's claims, grant Defendants legal fees for defense against Plaintiffs' frivolous lawsuit, and grant such other relief as it finds just and proper.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted, and Plaintiffs' claims should be dismissed.

2. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate their alleged damages.

3. Plaintiffs' claims are barred because any harm to Plaintiffs was caused by intervening and/or superseding actions of the Plaintiffs and/or third parties.

4. Plaintiffs' claims are barred under the doctrine of estoppel, laches, and/or waiver.

Respectfully submitted by,
DEFENDANTS,
MTGLQ INVESTORS, L.P. &
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,
By its attorneys,

/s/ Rowdy M. Cloud
Rowdy M. Cloud, Esq. (#9383)
Bendett & McHugh, P.C.
60 Man-Mar Drive, Suite 7
Plainville, MA 02762
TEL: (508) 919-8638
Email: rcloud@bmpc-law.com

Dated: January 5, 2021

## CERTIFICATION

I hereby certify that on this 5 January 2021, a copy of the foregoing *Answer to Plaintiff's Amended Complaint*, was filed and served through the electronic filing system on Plaintiffs' counsel of record: John B. Ennis, Esq.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronics Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (#9383)