## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DONNA M. SPINO; and LUCIEN SPINO,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, LLC; and MTGLQ INVESTORS, LP,**<br><br>**Defendants.** | **Civil Action No 1:20-cv-00123-JJM** |

### MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS, RUSHMORE LOAN MANAGEMENT SERVICES LLC AND MTGLQ INVESTORS, LP'S, MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

The Defendants, Rushmore Loan Management Services LLC ("Rushmore") and MTGLQ Investors, LP ("MTGLQ") (collectively, the "Defendants"), submit this memorandum in support of their motion to dismiss the Plaintiffs, Donna Spino and Lucien Spino's (collectively, the "Plaintiffs"), amended complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

### I.    INTRODUCTION

Plaintiffs have not plead any plausible facts to show that the subject promissory note is non-negotiable because (a) the alleged terms do not condition the underlying promise to pay; (b) the principal amount appears clearly on the face of the note; and (c) the note was made payable to the originating lender and subsequently endorsed to MTGLQ. Secondly, even if the promissory note were non-negotiable, the Plaintiffs would still lack standing to challenge MTGLQ's authority to foreclose the mortgage because it holds the subject mortgage by publicly recorded assignment. Finally, Plaintiffs have failed to plead any plausible facts to show how Rushmore violated the FDCPA pursuant to 15 U.S.C. § 1692e(5) when its attorneys mailed notice of sale. For the

foregoing reasons, the Defendants respectfully request that Plaintiffs' amended complaint be dismissed, with prejudice.

## II.   FACTS

Plaintiffs' Amended Complaint alleges that they are the owners of the subject property, 16 Red Chimney Drive, Lincoln, Rhode Island ("Property"), when the mortgage ("Mortgage") they granted to Beneficial Rhode Island, Inc. went into foreclosure by Orlans, PC, a law firm acting on behalf of the Defendants. ECF No. 22 ("Am. Compl.") at ¶¶ 4, 7, 14. The Mortgage was granted to secure a promissory note entitled Loan Agreement ("Note" or "Loan Agreement"), made payable to Beneficial Rhode Island, Inc. ("Beneficial") dated September 25, 2007. *See* Am. Compl. at ¶¶ 5, 7.

Although not appended to the Amended Complaint, the Mortgage is recorded with the Town of Lincoln Land Evidence Records in Book 1482, Page 249 and filed herewith as Defendants' Exhibit A ("Ex. A") and the Note is filed as Defendants' Exhibit B ("Ex. B"). *See Id.*; Exs. A-B.[1] The Mortgage was assigned from Beneficial to LSF8 Master Participation Trust in October 20, 2014, and subsequently LSF8 Master Participation Trust transferred its rights in the Mortgage to MTGLQ in February 26, 2018 by assignments ("Assignments") recorded with the Town of Lincoln Land Evidence Records in Book 1918, Page 246 and Book 2111, Page 194, respectively, copies of which are filed herewith as Defendants' Exhibit C ("Ex. C").

The Complaint alleges that Rushmore hired Orlans, PC to schedule a March 24, 2020 foreclosure sale on behalf of MTGLQ. *See* Am. Compl. at ¶¶ 13-14. Plaintiffs do not dispute that

---

[1] This Court may take judicial notice of the publicly recorded Mortgage and Assignments, as the Land Records demonstrate that this fact is "not subject to reasonable dispute." *See U.S. v. Bello*, 194 F.3d 18, 23 (1stCir.1999); Fed. R. Evid. 201(b). Additionally, a promissory note is a self-authenticating document being commercial paper. *See In re Cook*, 457 F.3d 561, 566 (6thCir. 2006); Fed. R. Evid. 902(9).

2

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                      C.A. No. 1:20-cv-00123(JJM)

"they were in default" when Rushmore began servicing the loan in February 2018. *See Id.* at ¶ 50. However, they claim that Defendants' enforcement of the Mortgage has resulted in emotional distress, foreclosure fees and costs in the amount of $1,758.96, and a reduction to their credit score. *Id.* at ¶ 68-76.[2]

The Plaintiffs raise two counts in their amended complaint, both related to the Defendants' right to enforce the Mortgage: (1) the Note is non-negotiable instrument as defined by Article 3 of Uniform Commercial Code, codified in Rhode Island General Laws § 6A-3-104; and (2) notice of the March 2020 foreclosure sale ("Foreclosure Notice") dated January 30, 2020 violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5). *Id.* at ¶¶ 18-21, 38-39, 52-58. Plaintiffs' first count involves three general allegations that are not supported by any appended documents. First, Plaintiffs allege that the Note was not made payable for a specific amount to Beneficial when it "stated the amount financed of $466,488.44, which was not the same amount as indicated in the [M]ortgage as $478,988.44[.]" *See Id.* at ¶¶ 6, 26, 33. Second, Plaintiffs claim that Beneficial and not MTGLQ still owns the Note because "there has not been any demonstration that this Loan Agreement has been conveyed by contract to each of the entities which may have claimed ownership interest [sic] …" and the Note was not "payable to the [o]rder of [Beneficial]." *See Id.* at ¶¶ 17, 19, 20, 34. Finally, Plaintiffs assert that the Note includes ten impermissible undertakings and/or conditional promises.

### III.  STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), the Court assumes "the truth of all well-plead facts

---

[2] Plaintiffs also mention their attorney fees in prosecution of this action, but do not state under which statute or contract they would be eligible to recover these. *Id.* at ¶ 40.

3

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*            C.A. No. 1:20-cv-00123(JJM)

and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir.2007). To avoid dismissal, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed. R. Civ. P. 8(a)(2)). Although the plaintiff does not need to show a likelihood of success, their complaint must supply "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 102-03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To achieve this, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the complaint should be dismissed "when a plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face.' " *Lister v. Bank of America, N.A.*, 8 F.Supp 3d 74, 78 (D.R.I. March 28, 2014) (quoting *Twombly*, 550 U.S. at 570). Where standing is at issue, the Court "may consider 'further particularized allegations of fact deemed supportive of [plaintiffs'] standing,' such as those contained within an affidavit." *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 7 (1st Cir.2014) (quoting *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 67 (1st Cir.2003)).

## IV.   ARGUMENT

Count 1 should be dismissed because Plaintiffs lack standing to challenge MTGLQ's authorization to foreclose the Mortgage. Count 2 should likewise be dismissed because Plaintiffs have not pled any plausible facts that the Foreclosure Notice violated the FDCPA or that Rushmore's collection practices were not authorized. For these reasons, Plaintiffs' amended complaint must be dismissed for failure to state a claim upon which relief may be granted and/or for lack of subject matter jurisdiction.

4

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                              C.A. No. 1:20-cv-00123(JJM)

**A. Plaintiffs do not have standing to challenge MTGLQ's authorization to foreclose the Mortgage even if the Note were non-negotiable.**

The Plaintiffs fail to establish standing in their first count for declaratory judgment because even if the Note were a non-negotiable instrument, MTGLQ's authorization to foreclose the Mortgage is derived from the publicly recorded Assignments. *See* Am. Compl. at ¶¶ 20, 35, 38-39; Defs' Ex. C. As discussed in *Culhane v. Aurora Loan Servs. of Neb.*, the Constitution limits the federal courts judicial powers to actual cases and controversies, in which "the plaintiff has 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends.' " 708 F.3d 282, 289 (1st Cir.2013) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962); citing U.S. Const. art. III, § 2, cl. 1). The personal stake requirement is established by proving the three-part test: (1) a concrete and particularized injury that is actual or imminent, not conjectural or hypothetical, (2) direct causation between the challenged action and the identified harm, and (3) redressability of the harm. *See Id.* at 289-90 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). However, even when these elements are met, the prudential aspect of standing requires the "plaintiff to show that [their] claim is premised on [their] own legal rights (as opposed to those of a third party), that [their] claim is not merely a generalized grievance, and that it falls within the zone of interests protected by the law invoked." *Pagán v. Calderón*, 448 F.3d 16, 27 (1st Cir.2006).

The *Culhane* Court held that mortgagors have standing to challenge the validity of an assignment, unless the "shortcomings in an assignment [ ] render it merely voidable at the election of one party but otherwise effective to pass legal title." 708 F.3d at 291. The Court reasoned that a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee, but only "to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee)." *Id.*

5

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                    C.A. No. 1:20-cv-00123(JJM)

While interpreting Massachusetts law, the *Culhane* decision was adopted by the Rhode Island Supreme Court. *See Mruk v. Mortg. Elec. Registration Sys.*, 82 A.3d 527, 536 (R.I. 2013) (holding that a mortgagor may challenge an "invalid, ineffective, or void" assignment of mortgage); *Cruz v. Mortg. Elec. Registration Sys.*, 108 A.3d 992, 997-98 (applying *Wilson* 744 F.3d 1 (1st Cir.2014) in holding that mortgagor did not have standing to challenge the signature on the assignment of mortgage because the scope of the signatory's authority could be legally ratified by the corporation).

However, no such standing exists in a mortgagor's challenge of the note holder status. *See US Bank Nat'l Assoc. v. Coulthard*, 2015 WL 8964358 at *6-7 (Mich. Ct. App.2015) (citing *Bowles v. Oakman*, 225 N.W. 613 (Mich. 1929) in holding that the mortgagors had no standing to challenge assignment of the note); *In re Rinaldi*, 487 B.R. 516, 529-30, 532 (Bankr. E.D. Wisc.2013) ("Moreover, defects in the transfer of the Note … do not render the Mortgage unenforceable, the Note invalid or the proof of claim fraudulent."); *see also Bank of New York Mellon as Tr. v. Delaney*, 455 P.3d 42, 46 (Or. Ct. App.2019) (upholding trial court decision that mortgagor lacked standing to challenge the authenticity of the note indorsement; affirmed on other grounds); *Bank of New York Mellon v. Fisher*, Docket No. 108855, 2020 WL 5848108 at n. 3 (Ohio Ct. App.2020). The Rhode Island Supreme Court was clear on this issue in *Pimentel v. Deutsche Bank Nat'l Trust Co.* when they wrote that "[a]s we have said in a long line of cases stemming from *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013), a mortgagee need not hold the note in order to foreclose on a property." 174 A.3d 740, 745 (R.I. 2017) (additional citations omitted). Indeed, the assignment of the mortgage interest transfers the statutory power of sale including the ability to foreclose, even if the assignor does not hold the promissory note. *Leone*

6

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                    C.A. No. 1:20-cv-00123(JJM)

*v. Mortg. Elec. Registration Sys.*, 101 A.3d 869 (R.I. 2014) (upholding trial court decision granting summary judgment where MERS assigned the mortgage).

As a result, the Plaintiffs' allegations that the MTGLQ has no authorization to enforce the Mortgage is without merit because they lack standing to challenge the note holder status. *See Coulthard* 2015 WL 8964358 at *6-7; Am. Compl. at ¶ 36. In fact, the Note was endorsed in two allonges, first to LSF8 Master Participation Trust then in blank, creating "the presumption that the holder has good title to the instrument." *See New Bedford Inst. For Sav. V. Calcagni*, 676 A.2d 318, 319 (R.I. 1996); R.I. Gen. Laws § 6A-3-201; Def's Ex. B at 7-9. Even taking as true the Plaintiffs' claims that the Note is nonnegotiable, Rhode Island law has long settled that the assignee of even a nonnegotiable chose in action that has been assigned in writing may maintain an action in its own name, subject to all defenses and rights of counterclaim, recoupment, or setoff to which the defendant would have been entitled to against the assignor. *Id.* 676 A.2d at 320 (R.I. 1996) (citing R.I. Gen. Laws § 9-2-8; *Lombardi v. Electromet Co.*, 540 A.2d 16 (R.I. 1988); *United Master Plumbers Assoc. of Rhode Island, Inc. v. Bookbinder Plumbing & Heating Co.*, 210 A.2d 573 (R.I. 1965). However, this does not give Plaintiff the right to step into the shoes of the transferor to challenge the otherwise valid presumption of MTGLQ's status as a holder in due course. *See Id.* 676 A.2d at 319-320; *Note Capital Group, Inc. v. Perretta*, 207 A.3d 998, 1004-05 (R.I. 2019) (holding that borrower lacked standing to challenge the title to the note and mortgage because the transfer is merely voidable not void); *see also DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, 720 Fed.Appx. 576, 583 (11th Cir. 2018) (held that the borrower had no standing to challenge the sale of the nonnegotiable note because he was not a

7

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*              C.A. No. 1:20-cv-00123(JJM)

party to the sale and servicing agreement).³ For these reasons, this Court should dismiss the Plaintiffs' Amended Complaint for lack of standing to challenge MTGLQ's authorization to enforce the Mortgage.

**B. Plaintiffs have failed to plead any plausible facts that Rushmore violated the FDCPA pursuant to 15 USC § 1692e(5).**

Plaintiffs' second count should be dismissed because its amended complaint fails to allege any plausible facts that Rushmore's actions were in violation of the FDCPA. The amended complaint only points to one specific instance where Rushmore's attorney, Orlans PC, gave notice that a foreclosure sale would occur on March 24, 2020. Am. Compl. at ¶ 56. However, the Plaintiffs have not shown why the Assignment is void to support their claim that Rushmore was "tak[ing] legal action which could not legally be taken, namely exercise the statutory power of sale…" *See Leone* 101 A.3d at 874; Am. Compl. at ¶ 55; Def's Ex. B.

Neither do Plaintiffs show how the actions by Rushmore's attorney violates the FDCPA pursuant to 15 U.S.C. § 1692e(5). Plaintiffs do not even name Orlans PC in this action, which sent the Foreclosure Notice, nor show how they are a "debt collector" as defined by the statute. *See Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1035-37, 1040 (2019) (holding that the FDCPA definition of "debt collector" pursuant to 15 U.S.C. § 1692a(6) did not include the bank's law firm because it was "engaged in no more than security-interest enforcement."); Am. Compl. at ¶ 56. Just as in *Obduskey*, the servicer's attorney sent the disputed notice, but the Plaintiffs now seek to impute liability on Rushmore where none would exist against its attorney. *See Obduskey* at 1035; *Fitch v. Fed. Hous. Fin. Agency*, C.A. No. 1:18-cv-00214-JJM-PAS, 2019 WL 6840768

---

³ The Note in *McCranie* was nonnegotiable because it contained a reference to an additional agreement that was not related to a permissible subject, such as granting or preserving collateral or spelling out acceleration or prepayment rights. *See* 720 Fed.Appx. at *584-85.

8

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                    C.A. No. 1:20-cv-00123(JJM)

at *2-3 (D.R.I. Dec. 16, 2019); Am. Compl. at ¶ 56. Plaintiffs' do not even allege vicarious liability against Rushmore. *See generally* Am. Compl. Even if they had, Plaintiffs cannot shown how the action of mailing a Foreclosure Notice would have been wrongful by the attorney. *See Obduskey* at 1035-37; *Oya v. Wells Fargo Bank, N.A.*, C.A. No. 3:18-cv-01999-H-BGS, 2019 WL 4573704 at * 6-7 (S.D. Cal. Sept. 19, 2019) (holding that the bank's notice of default did not violate the FDCPA); Pls' Am. Compl. at ¶ 56. For these reasons, Plaintiffs' second count should be dismissed because the amended complaint fails to plead any plausible facts that Rushmore violated the FDCPA.

### C. Plaintiffs fail to allege actual damages with respect to the FDCPA claims against Rushmore.

Even if Plaintiffs' claims could survive the *Twombly* test for plausible facts, they would nevertheless be barred for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because they fail to allege any cognizable damages. In order to invoke Article III jurisdiction, Plaintiffs must present an injury-in-fact as required by the decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016).

Here, the only alleged damages are vague and conclusory claims of emotional distress, foreclosure fees and costs, attorneys' fees, and a reduction to their credit score, which fail to satisfy the injury-in-fact requirement. *See Bradbury v. Deutsche Bank Nat'l Tr. Co.*, No. at *8 (D.R.I. Apr. 10, 2020) (dismissing mortgagors' FDCPA claims for the failure to articulate any actual damages); Am. Compl. at ¶ 40, 68-76. Specifically lacking is any causal link between the alleged damages and Rushmore's actions. *See Fitch v. Fed. Hous. Fin. Agency,* C.A. No. 1:18-cv-00214-JJM-PAS, 2021 WL 4901909 at *7 (D.R.I. Oct. 21, 2021) (holding that mortgagors' alleged expenses related to visiting and talking with his attorney, postage, copying and mailing costs were

9

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                    C.A. No. 1:20-cv-00123(JJM)

not plausibly traceable to the assumed RESPA violations); Am. Compl. at ¶ 40, 68-76. For these reasons, the Court lacks subject matter jurisdiction.

## V.  CONCLUSION

The Plaintiffs lack standing to challenge MTGLQ's authority to foreclose the Mortgage even if the Note were non-negotiable because the right to foreclose conveyed by the recorded assignments. Secondly, Plaintiffs have failed to plead any plausible facts to show how Rushmore violated the FDCPA pursuant to 15 U.S.C. § 1692e(5) when the only alleged action was by a party that has not been named in this action. Finally, the Plaintiffs' fail to allege actual damages with respect to the FDCPA claims because the vague and conclusory allegations for damages fail to establish any causal link to Rushmore's actions to invoke Article II jurisdiction. For the foregoing reasons, the Defendants respectfully request that Plaintiffs' amended complaint be dismissed, with prejudice.

Dated: January 27, 2022

Respectfully submitted by,
DEFENDANTS,
Rushmore Loan Management
Services LLC and MTGLQ
Investors, LP,
By their Attorneys,

*/s/ Rowdy M. Cloud*
Rowdy M. Cloud, Esq. (#9383)
Bendett & McHugh, P.C.
23 Messenger Street, Second Floor
Plainville, MA 02762
Tel: (508) 919-8638
Email: rcloud@bmpc-law.com

10

Mem. in Supp. of Def's Mot. to Dismiss Pls' Am. Compl.
*Spino v. Rushmore Loan Management Services LLC, et al.*                              C.A. No. 1:20-cv-00123(JJM)