UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DONNA M. SPINO and LUCIEN SPINO,
    Plaintiffs,

v.

RUSHMORE LOAN MANAGEMENT SERVICES, LLC and MTDLQ LOAN INVESTORS, LP,
    Defendants.

C.A. No. 20-123-JJM-LDA

### MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Defendants Rushmore Loan Management Services, LLC ("Rushmore") and MTDLQ Loan Investors, LP ("MTDLQ") move to dismiss Plaintiffs Donna and Lucien Spino's First Amended Complaint. ECF No. 34. The Spino's Complaint makes two claims: Count I for declaratory judgment, questioning Defendants' authority to foreclose on their property and Count II alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) ("FDCPA"). Because the Court finds that the Spino's Complaint fails to state claims upon which relief can be granted, the Court GRANTS Defendants' Motion to Dismiss. ECF No. 34.

### I.   BACKGROUND

The Spinos owned the property in Lincoln, Rhode Island through a mortgage granted to Beneficial Rhode Island. Beneficial also held the Note that secured the mortgage. Rushmore began servicing the mortgage in February 2018. Beneficial

1

assigned the mortgage to LSF8 Master Participation Trust in October 2014 who in February 2018 transferred its rights in the mortgage to MTGLQ. These assignments were recorded in the Town of Lincoln Land Evidence Records.

The Spinos do not dispute that they defaulted and the mortgage went into foreclosure. Defendants Rushmore, as servicer, and MTGLQ, as mortgagee, hired a law firm, Orlans, PC, to notice the foreclosure, which they scheduled on March 24, 2020. The Spinos filed this suit and Defendants move to dismiss both claims. ECF No. 34.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need

2

not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

### A. Declaratory Judgment – Count I

In Count I, the Spinos allege that the note is not negotiable and therefore MTGLQ did not have authority to enforce the mortgage. Defendants argue that the Spinos have not plead any plausible facts to show that the subject promissory note is non-negotiable. Alternately, Defendants argue that even if the note was non-negotiable, the Spinos do not have standing to challenge MTGLQ's authority to foreclose the mortgage because it holds the mortgage by a publicly recorded assignment.

Despite the Spino's focus on whether the note was non-negotiable and how that prevents a mortgagee from acting as an authorized agent for the note holder and instituting foreclosure, the Court will skip to the standing argument first. MTGLQ's authorization to foreclose was derived from the assignment from LSF8 Master Participation Trust to MTGLQ in February 2018 that was recorded in the Town of Lincoln Land Evidence Records. Defendants presented evidence, and the Spinos do

3

not dispute, that they defaulted under the mortgage by failing to make their requested payments, which triggered MTGLQ's right to foreclose. The assignment recorded in the Town of Lincoln Land Evidence Records proves that MTGLQ is the mortgagee and "it can foreclose on [Plaintiffs'] property, regardless of whether it holds the note." *Pimental v. Deutsche Bank Nat'l Tr. Co.*, 174 A.3d 740, 745 (R.I. 2017); *see also Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069, 1087 (R.I. 2013) ("any of the obligations placed upon a 'mortgagee' may be fulfilled by either the mortgage holder or the owner of the note, provided that an agency relationship exists between the two."). Therefore, whether MTGLQ held the note (which Defendants say it does) is irrelevant to its ability, as mortgagee, to foreclose.

While the Spino's do not have to show they are likely to prevail on their declaratory judgment claim, they "must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *García-Catalán*, 734 F.3d at 102–03 (quoting *Iqbal*, 556 U.S. at 678). Because the Court finds that Count I is not "plausible on its face," *Iqbal*, 556 U.S. at 678, it is DISMISSED.

### B. FDCPA – Count II

In Count II, the Spinos allege that the March 2020 notice of foreclosure sale violated the FDCPA, 18 U.S.C. § 1692e(5). They claim that Rushmore violated the FDCPA when its attorney Orlans PC notified them that a foreclosure sale would occur. ECF No. 22 ¶ 56. They allege that Rushmore was "tak[ing] legal action which could not legally be taken, namely exercise the statutory power of sale...." *Id.* ¶ 55. Defendants argue that this claim should be dismissed because the Spinos have not

4

pled any plausible facts that the foreclosure notice violated the FDCPA or that Rushmore's collection practices were not authorized.

The Spinos allege that Defendants' notices were false and deceptive means to collect a debt in violation of the FDCPA. *Id.* ¶¶ 52-63. To establish liability under the FDCPA, the Spinos must show "(1) that [they were] the object of collection activity arising from consumer debt; (2) defendants are debt collectors as defined by the FDCPA; and (3) defendants engaged in an act or omission prohibited by the FDCPA." *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014) (citation omitted).

The Court finds that the Spinos do not meet the first element of the FDCPA claim. It is undisputed that Defendants sent a notice of a non-judicial foreclosure sale as required by Rhode Island law. Courts have held that sending a notice of sale is not a "collection activity" for purposes of the FDCPA. *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1039-1040 (2019); *Fitch v. Fed. Hous. Fin. Agency*, C.A. No. 18-214-JJM-PAS, 2019 WL 6840768, at *2 (D.R.I. Dec. 16, 2019); *Cordeiro v. Carrington Mortg. Servs., LLC*, C.A. No. 19-510 WES, 2020 WL 3404742, at *4 (D.R.I. June 19, 2020); *Pimental v. Wells Fargo Bank, N.A.*, C.A. No. 14-494S, 2015 WL 5243325, at *6 (D.R.I. Sept. 4, 2015). The Spino's Count II claim fails because their Amended Complaint fails to plausibly plead the first element.[1]

---

[1] Moreover, the Spino's allegations of false and fraudulent notices related to their allegation that MTGLQ had no authority to foreclose because it did not hold the note. The Court has found that that is not the law according to Rhode Island Supreme Court precedent. *See Bucci*, 68 A.3d at 1087 and *Pimental*, 174 A.3d at 745.

5

### C.     Motion to Amend the Complaint

The Spinos ask to amend their complaint in their opposition to Defendants' Motion to Dismiss to add facts relating to Orlans' notice and whether certain information in the notice complied with the terms of the mortgage contract relating to acceleration of the note. While motions to amend should be freely granted, the Court declines to allow the Spinos to amend the complaint for two reasons: they have already amended the complaint once and failed to add these proposed facts even though they were available and known and the proposed amendment would be futile because Court has previously dismissed breach of contract claims based on a finding that there is no specific notice requirement under Paragraph 19 (governing note acceleration) of the mortgage contract. *See Harrington v. Fay Servicing, LLC*, C.A. No. 21-424-JJM-LDA, 2022 WL 1657323, at *3 (D.R.I. Apr. 7, 2022) (quoting *Viera v. Bank of New York Mellon as Tr. for Certificate Holders of Cwalt, Inc.*, C.A. No. 17-523-WES-PAS, 2018 WL 4964545, at *7 (D.R.I. Oct. 12, 2018) ("Paragraph 19 is not the correct source for assessing what notice was required under the mortgage agreement prior to initiating a foreclosure because that paragraph merely outlines a borrower's right to reinstate after foreclosure proceedings have already commenced."). The Spino's motion to amend the Amended Complaint is DENIED.

## IV.   CONCLUSION

The Court need not consider any of the remaining arguments.[2]  Defendants' Motion to Dismiss is GRANTED.  ECF No. 34.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

June 9, 2022

---

[2] The Spinos begin their objection by arguing that the fact that Defendants filed an answer to the Amended Complaint converts its Motion to Dismiss into a Motion for Summary Judgment.  This argument defies not only the Federal Rules of Civil Procedure and hundreds of years of legal precedent, but also logic.